

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| JACK CARTER,<br>　　　　Employee,<br><br>v.<br><br>LABOR FINDERS OF TENNESSEE,<br>INC.,<br>　　　　Employer,<br>and<br>SUNZ INSURANCE COMPANY,<br>　　　　Carrier. | )　Docket No.: 2015-03-0709<br>)<br>)<br>)　State File No.: 47080-2015<br>)<br>)　Judge Pamela B. Johnson<br>)<br>)<br>)<br>)<br>)<br>) |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This matter came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by the Employee, Jack Carter, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issue is whether Mr. Carter is entitled to an evaluation by another physician. For the reasons set forth below, the Court finds Mr. Carter provided sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits. His request for a return appointment with Dr. Shirley is granted at this time.[1]

### History of Claim

Mr. Carter is a forty-seven-year-old resident of Knox County, Tennessee. He worked for Labor Finders of Tennessee, Inc. as a laborer. On June 18, 2015, while raking dirt, Mr. Carter stepped on a clod of dirt and twisted his right knee. (T.R. 1; Exs. 1 and 2.) He reported the work incident to Labor Finders on the same day. (Ex. 2.)

On the date of injury, Mr. Carter treated with Dr. Grant Shirley at Nova Medical Center and reported that "as he was raking dirt[,] he stepped on a clod of dirt[,] twisting

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

his right knee[,] reporting immediate pain followed shortly by pain [in his] right ankle." (Ex. 4.) Dr. Shirley diagnosed "Right Int derangement knee NEC – Other internal derangement of knee" and "Right Ankle and foot – Traumatic arthropathy." *Id.* He prescribed physical therapy, prescription medication therapy, and a hinged knee support and ankle brace. *Id.* The following day, June 19, 2015, Mr. Carter selected Nova Medical Center from a panel of physicians. (Ex. 3.)

Mr. Carter continued to treat with Dr. Shirley and reported less discomfort in his right ankle, but continued right knee pain without improvement, made worse with weight bearing. *Id.* On July 1, 2015, he stated, "the knee is killing me" and "it pops behind the knee." *Id.* Dr. Shirley recommended a consultation with an orthopedic specialist for the right knee and right ankle. *Id.* While waiting for the orthopedist appointment, Mr. Carter continued to see Dr. Shirley and completed physical therapy as ordered. *Id.*

Labor Finders provided Mr. Carter a panel of orthopedic physicians, and he selected Dr. Michael T. Casey of Tennessee Orthopaedic Clinic. (Exs. 3 and 5.) Dr. Casey evaluated Mr. Carter on August 14, 2015, for continued right knee pain. Mr. Carter reported "difficulty getting up, twisting and turning aggravate[d] his knee symptoms." (Ex. 5.) "Due to persistent [sic] of symptoms and failure of conservative measures," Dr. Casey recommended an MRI scan and the result was "essentially negative." *Id.*; *see also* Ex. 6. Dr. Casey injected Mr. Carter's knee and instructed him to follow up within a week. *Id.*

Mr. Carter returned to see Dr. Casey on September 10, 2015, and advised the injection provided him "no relief." *Id.* In the office note, Dr. Casey stated:

> At this point, I have discussed with him very clearly from a surgical standpoint that I have nothing left to offer him. We will place him on some Indocin which is an anti-inflammatory that he has not been on. At this point, I have nothing further to offer. He is a maximum medical improvement. No impairment and no restrictions. No need for followup.

*Id.*

Mr. Carter filed a Petition for Benefit Determination (PBD) for medical benefits, stating, "The insurance company is closing the case after Dr. Casey couldn't find anything surgurical [sic] to explain my pain even though I'm still in a lot of pain. Asking for a second opinion." (*See* PBD.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice, which noted, "Employer does not believe Employee is entitled to a second opinion. ATP stated 'At this point I have nothing further to offer. He is at mmi. No impairment and no restrictions. No need for followup.'" (*See* DCN.) Mr. Carter filed a Request for Expedited Hearing (REH), and this Court heard the matter on May 5, 2016.

2

At the Expedited Hearing, Mr. Carter testified he understood that Dr. Casey had nothing further to offer him as a surgeon. After speaking with Dr. Casey at his last visit, Mr. Carter testified he understood that he needed to find an orthopedic specialist and "go from there." Mr. Carter contested Dr. Casey's statement in the office note concerning no need for follow-up, arguing he clearly needed further care given Dr. Casey's prescription of anti-inflammatories. Mr. Carter testified, "I just want my leg fixed to the way it was before I was injured as best that it can be done." Labor Finders did not cross-examine Mr. Carter.

At the conclusion of Mr. Carter's testimony and close of his proof, Labor Finders moved for an involuntary dismissal of Mr. Carter's PBD under Rule 41 of the Tennessee Rules of Civil Procedure. Labor Finders argued Mr. Carter's affidavit was insufficient to demonstrate his entitlement to the relief sought. Labor Finders additionally argued that Mr. Carter's REH did not comply with the statutory and rule requirements that an affidavit and other information must accompany the REH and demonstrate entitlement to the benefits sought. Labor Finders further argued that Mr. Carter is not entitled to a second opinion pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(C) (2015) as the authorized treating physician, Dr. Casey, did not order a second opinion or otherwise refer Mr. Carter for further evaluation pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(E) (2015).

Mr. Carter responded to Labor Finders' motion for involuntary dismissal, arguing that he is not looking for a second opinion with another surgeon for evaluation of whether a surgical problem exists. Dr. Casey clearly stated from a surgical standpoint that he had nothing further to offer Mr. Carter. However, Mr. Carter argued he does not want a second opinion, but wants a follow-up evaluation with an orthopedic specialist or a return visit with Dr. Shirley to see which treatment is available to fix his knee. Once the surgeon stated he had nothing further to offer from a surgical standpoint, Mr. Carter contended he was then entitled to an evaluation by another doctor to find out what was wrong with his knee and fix it.

## Findings of Fact and Conclusions of Law

*Whether Labor Finders' Motion for Involuntary Dismissal Should Be Granted*

This Court took Labor Finders' motion for involuntary dismissal under advisement and advised the Court would set forth its finding in this Expedited Hearing Order. In *Burchfield v. Renfree,* 2013 Tenn. App. LEXIS 685 (Tenn. Ct. App. Oct. 18, 2013), the Court of Appeals reiterated the principles regarding directed verdicts:

The rule for determining a motion for directed verdict[2] requires the trial

---

[2] An involuntary dismissal is often referred to as a directed verdict in cases involving trials by jury. The standard of

3

judge and the appellate courts to look to all of the evidence, take the strongest, legitimate view of the evidence in favor of the opponent of the motion and allow all reasonable inferences from it in his favor. The court must disregard all countervailing evidence and if there is then any dispute as to any material, determinative evidence or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied. The court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence.

*Id.* at \*86-87 (internal citations omitted).

In this case, the Court finds that reasonable minds can differ as to the conclusions to be drawn from the evidence. Therefore an involuntary dismissal pursuant to Rule 41 is not warranted. Accordingly, the Court denies Labor Finders' motion for involuntary dismissal.

### *Whether Mr. Carter is Entitled to Evaluation by Another Physician*

Mr. Carter bears the burden of proof on all essential elements of his workers' compensation claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at \*6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Mr. Carter need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an Expedited Hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an Expedited Hearing, Mr. Carter has the burden to come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. *Id.*

Mr. Carter seeks an evaluation by another physician. Under the Workers' Compensation Law, an employer shall furnish, free of charge to the injured employee, such medical treatment made reasonably necessary by the work incident. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015). The injured employee shall accept the medical benefits, provided that the employer shall designate a group of three or more independent reputable physicians, surgeons, chiropractors, or specialty practice groups, from which the injured employee shall select one to be the treating physician. *See* Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2015).

The treating physician selected from the panel shall make referrals when necessary to a specialist physician, surgeon, or chiropractor. *See* Tenn. Code Ann. § 50-6-

---

review applied is the same for involuntary dismissals in nonjury cases as the standard of review applied in direct verdicts in jury cases.

204(a)(3)(A)(ii) (2015). The employer shall be deemed to have accepted the referral unless, within three days of the referral, the employer provides a panel of three or more independent reputable physicians, surgeons, chiropractors or specialty practice groups. *Id.*

When the treating physician refers the injured employee, the injured employee shall be entitled to have a second opinion on the issue of surgery and diagnosis from a one of the two remaining specialists listed on the panel of specialists previously provided. *See* Tenn. Code Ann. § 50-6-204(a)(3)(C) (2015).

In all cases where the treating physician has referred the injured employee to a specialist physician, surgeon, chiropractor or specialty practice group, the specialist shall become the treating physician until treatment by the specialist concludes and the injured employee has been referred back to the treating physician selected by the employee from the initial panel provided by the employer. *See* Tenn. Code Ann. § 50-6-204(a)(3)(E) (2015).

In the present case, the evidence indicates Labor Finders authorized Mr. Carter to see first Dr. Shirley and then Dr. Casey, both of whom Mr. Carter selected from a panel of physicians. Upon release from Dr. Casey, Mr. Carter requested a second opinion, which Labor Finders denied.

The issue before this Court is whether Mr. Carter is entitled to an evaluation by another physician. During the Expedited Hearing, Mr. Carter argued he is not seeking a second opinion and evaluation by another surgeon, but requested an evaluation with an orthopedist or the opportunity to return to see Dr. Shirley. Because Mr. Carter stated he was not seeking a second opinion, this Court will not address whether Mr. Carter is entitled to a second opinion pursuant to section 50-6-204(a)(3)(C) concerning diagnosis or surgery. As to entitlement to an evaluation by another physician, this Court finds that Dr. Casey did not expressly refer Mr. Carter to an orthopedist for further evaluation as required by statute. Accordingly, this Court denies Mr. Carter's request for an evaluation by an orthopedist.

However, this Court finds Mr. Carter is entitled to a return appointment with Dr. Shirley. The purpose of the Workers' Compensation Law is to provide medical and disability benefits to an injured employee who sustains an injury arising primarily out of and in the course and scope of his employment. Although Dr. Casey opined he has nothing further to offer Mr. Carter from a surgical standpoint and ordered no follow up treatment, this opinion does not preclude Mr. Carter from receiving further medical treatment made reasonably necessary by the work incident. Such a finding would frustrate the purpose of the Workers' Compensation Law. *See* Tenn. Code Ann. §§ 50-6-103(a) and 50-6-204(a)(1)(A) (2015).

5

Therefore, as a matter of law, this Court concludes Mr. Carter provided sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits. His request for a return appointment with Dr. Shirley is granted at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Medical care for Mr. Carter's injuries shall be paid and Labor Finders of Tennessee, Inc., or its workers' compensation carrier shall provide Mr. Carter with medical treatment for these injuries as required by Tennessee Code Annotated section 50-6-204 (2015), to be provided by Labor Finders of Tennessee, Inc. or its workers' compensation carrier providing Mr. Carter with a return appointment with Dr. Shirley as required by that statute. Mr. Carter or the medical providers shall furnish medical bills to Labor Finders of Tennessee, Inc. or its workers' compensation carrier.

2. This matter is set for an Initial (Scheduling) Hearing on **August 3, 2016, at 9:30 a.m. Eastern Time.**

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov or by telephone at (615) 253-1471 or (615) 532-1309.

**ENTERED this the 25th day of May, 2016.**

**HON. PAMELA B. JOHNSON**
**Workers' Compensation Judge**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with Judge Pamela B. Johnson, Court of Workers' Compensation Claims. The parties must call 865-594-0091or 855-543-5041 toll free to participate in the Initial Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the Workers' Compensation Judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Technical Record:
- Petition for Benefit Determination, filed November 4, 2015;
- Dispute Certification Notice, filed November 18, 2015;
- Request for Expedited Hearing, issued December 7, 2015;
- Show Cause Order, issued February 11, 2016;
- Request for Expedited Hearing with Affidavit, filed February 11, 2016; and
- Order, issued March 31, 2016.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:
- EXHIBIT 1: Affidavit of Jack Carter;
- EXHIBIT 2: First Report of Work Injury, Form C-20;
- EXHIBIT 3: Panels of Physicians, Form C-42;
- EXHIBIT 4: Medical Records of Nova Medical Center;
- EXHIBIT 5: Medical Records of Dr. Michael T. Casey, Tennessee Orthopedic Clinic;
- EXHIBIT 6: MRI Report of Outpatient Diagnostic Center of Knoxville; and
- EXHIBIT 7: Stipulations of the Parties.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 25th day of May, 2016.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Jack Carter, Self-Represented Employee | X | | X | Jack Carter<br>7621 H. Old Clinton Pike<br>Powell, TN 37847<br>Jack_c_37849@yahoo.com |
| Michael J. Mollenhour, Esq., Employer's Attorney | | | X | mike@mollenour.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov